UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 8:20-cv-00639-JLS-KES                                         Date:  May 27, 2020
Titles: Jay Maloney v. FCA US LLC, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                                  N/A
   Deputy Clerk                                                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

    Plaintiff Jay Maloney filed this action in Orange County Superior Court on February 25, 2020.  (Compl., Doc. 1-2.)  On April 2, 2020, Defendant FCA US LLC ("FCA") removed the case to this Court, asserting diversity jurisdiction.  (Notice of Removal, Doc. 1 at 1.)

    As the party invoking the removal jurisdiction of this Court, Defendant bears "the burden of establishing federal jurisdiction."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004).  And "the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raise[] the issue or not."  *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

    A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Here, FCA represents that complete diversity exists because Plaintiff is a citizen of California and FCA "is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Michigan."  (Notice of Removal ¶¶ 21–23.)  But a limited liability company "is a citizen of every state of which its owners/members are citizens," *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), and FCA does not include in its Notice of Removal the citizenship of every one of its owner/member entities.  FCA's assertion of citizenship is therefore insufficient to establish diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case Nos. 8:20-cv-00639-JLS-KES						Date:  May 27, 2020
Titles: Jay Maloney v. FCA US LLC, et al.

    Because FCA has not met its burden of showing that removal is proper, it is ORDERED to show cause, in writing (one to two pages), no later than **five (5) days** from the date of this Order, why the Court should not remand the case to Orange County Superior Court.  Failure to timely respond will result in immediate remand.

    Initials of Preparer:  tg